Argued and submitted January 20, affirmed February 17, petition for review denied May 25, 1999 (328 Or 594)

Robert E. FREEMAN,
*Appellant,*

*v.*

Norman HAND,
Yamhill County Sheriff,
*Respondent.*

(CV97-434; CA A100554)

974 P2d 788

Eric M. Cumfer argued the cause and filed the brief for appellant.

Janet Klapstein, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Rives Kistler, Assistant Attorney General.

Before Landau, Presiding Judge, and Linder, Judge, and Warden, Senior Judge.

LINDER, J.

## LINDER, J.

Plaintiff appeals the dismissal of his petition for a writ of habeas corpus. He argues that under the Oregon Interstate Agreement on Detainers (IAD), ORS 135.775, he stated a claim for habeas relief because the State of Iowa failed to try him within the specified time. We affirm.

According to the petition, the State of Iowa placed a detainer on plaintiff while he was serving a federal sentence in a federal prison in Oregon. In October 1995, plaintiff requested a speedy trial on any and all actions pending in Iowa. In November 1997, plaintiff completed his sentence, without being transported to or tried in Iowa. Simultaneously, our state's Governor issued an arrest and extradition warrant, ordering plaintiff's delivery to Iowa authorities. Federal authorities released plaintiff to the custody of defendant, the Yamhill County Sheriff, who now holds plaintiff in the local correctional facility pursuant to the extradition warrant. Plaintiff brought this habeas action seeking his release from defendant's custody.

Plaintiff's entire argument rests on Article III of the IAD, codified at ORS 135.775. He contends that Iowa's failure to try him within the statutory 180-day time period requires Oregon to deem Iowa's charge to be without force or effect, thus entitling him to habeas relief. The state responds that the IAD does not apply to plaintiff's custody pursuant to the extradition warrant and that Iowa's failure to provide plaintiff with a trial within the time that the IAD specifies is not a basis on which he can avoid extradition. We agree.

Extradition and custody transfers under the IAD are distinct procedures for bringing a fugitive to justice in another jurisdiction. The IAD, as adopted by Oregon, applies only to persons serving a sentence of imprisonment in a state correctional institution. The IAD addresses the temporary transfer of custody of a state prisoner to another state for disposition of charges pending in that state, with prompt return to the sending state's custody thereafter.[1] It is difficult to see

---

[1] A "detainer" may be lodged against a state prisoner, causing him or her to be transported to another state for trial, either because the "receiving state" seeks the prisoner's transport so that it may try him or her on pending charges, Article IV(a), or because the prisoner desires to have the charges tried, Article III(c). The

how plaintiff, who was a *federal prisoner* incarcerated in a *federal prison* at the time of his request to Iowa, is entitled to invoke Oregon's IAD at all. Even if he may, it does not assist him.

■    Plaintiff relies on Article III(d), arguing that if the receiving state does not try the plaintiff within the 180-day time period, the charge in the receiving state "shall not be of any further force or effect * * *." Plaintiff understands that language to require Oregon to declare Iowa's charging instrument to be a nullity, thus precluding extradition proceedings. The same sentence on which plaintiff relies, however, continues with the direction: "and the court shall enter an order dismissing the same with prejudice." Art III(d). That reference is plainly to a court in the receiving state, and plaintiff concedes as much. Apart from the comity problems that might arise were Oregon to undertake to declare another state's charging instruments invalid, it makes simple sense to read the statute to mean that the court that is to dismiss the charges—that is, a court of the receiving state—is the court that should declare the charges to be of no force and effect.

■    Article V(c) leads to the same conclusion. It specifically provides that if a prisoner is not tried within the time period provided in Article III, "the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect." In short, under the IAD, the remedy for a receiving state's failure to respond timely to a prisoner's request for a speedy trial lies in the receiving state.

■    The relief available to plaintiff, therefore, is the same relief available to any other person held in custody pursuant

detainer results in a transfer of custody to the receiving state on a temporary basis and only for the purpose of prosecution on the charge or charges pending in the receiving state. Art V(d). For all other purposes, the prisoner remains in the custody of and subject to the jurisdiction of the sending state. Art V(g). After disposition of the charges in the receiving state, the prisoner is to be returned to the sending state at the earliest practicable time. Art V(e). If the IAD is invoked by a prisoner seeking to be tried on another state's charges, he or she waives extradition proceedings. Art III(e).

to an extradition warrant. Extradition procedures are controlled by the federal constitution and by implementing federal legislation. US Const, Art IV, § 2, cl 2; 18 USC § 3182 (Supp III 1997). As a matter of federal law, a person held on an extradition warrant can attack the extradition through a habeas corpus petition only on settled and narrow grounds:

> "Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive."

*Michigan v. Doran*, 439 US 282, 289, 99 S Ct 530, 58 L Ed 2d 521 (1978). Here, the petition for writ of habeas corpus did not allege any basis for relief that fits within the limited grounds available to attack the extradition warrant, and plaintiff does not contend otherwise. The trial court, therefore, properly dismissed the petition.

Affirmed.